UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


ROBERT WAYNE DEMONBREUM          ]
      Movant,                    ]
                                 ]        No. 3:10-0568
v.                               ]        (Crim. No. 3:02-00130)
                                 ]        Judge Campbell
UNITED STATES OF AMERICA         ]
      Respondent.                ]


                         **M E M O R A N D U M**

    The movant, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Memphis, Tennessee. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

    On November 8, 2004, the movant pled guilty to 1) an attempt to possess with intent to distribute cocaine, and 2) possession and brandishing of a firearm in furtherance of drug trafficking. United States of America v. Robert Wayne Demonbreum, Criminal Action No. 3:02-00130 (M.D. Tenn.), at Docket Entry No.101. For these crimes, he received consecutive sentences of 60 months and 120 months, respectively, giving the movant an effective sentence of 180 months, to be followed by five years of supervised release. *Id.* at Docket Entry No.102.

    Having pled guilty, the movant did not pursue a direct appeal

                                   1

of the convictions. Instead, he initiated the instant action with the filing of a Motion to Vacate, Set Aside or Correct Sentence (Docket Entry No.1). In his Motion, the movant claims that an intervening change in the law requires this Court to run his sentences concurrently rather than consecutively.

Upon its receipt, the Court conducted a preliminary review of the Motion and found that it was not facially frivolous. Accordingly, by an order (Docket Entry No.2) entered June 10, 2010, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the Motion. Rule 4(b), Rules - - - § 2255 Cases.

Presently pending before the Court is the government's Motion to Dismiss (Docket Entry Nos.11,13).[1] Having carefully considered the government's Motion to Dismiss and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir.2003)(an evidentiary hearing is not required when the record conclusively shows that the movant is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules - - § 2255 Cases.

---

[1] The government's response was not filed in a timely manner. As a consequence, the government was directed to show cause why the movant should not be awarded the relief he seeks. Docket Entry No.5. The government's Motion to Dismiss contains a satisfactory explanation for the delay in its response to this action.

The government opposes the movant's Motion for § 2255 relief by contending, among other things, that it is untimely. The Antiterrorism and Effective Death Penalty Act contains a one-year limitation period during which a Motion to Vacate, Set Aside or Correct Sentence must be filed. This limitation period begins to run from the latest of four (4) events which include

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this instance, the movant asserts that his Motion is timely because the limitation period did not begin to run until the date on which the factual basis of his claim was discovered, i.e., the date that the decision was rendered in United States v. Almany, 598 F.3d 238 (6th Cir.2010). Docket Entry No.1 at pg.11. The movant's reliance on Almany is misplaced, however, as the Almany decision

3

does not constitute "*facts* supporting the claim." 28 U.S.C. § 2255(f)(4). The movant has not alleged any impediment that prevented him from filing his Motion any earlier. 28 U.S.C. § 2255(f)(2). Nor has he cited any Supreme Court case that might be retroactively applicable to his situation. 28 U.S.C. § 2255(f)(3). As a consequence, the one year period of limitation began to run for the movant on the date that his convictions became final. 28 U.S.C. § 2255(f)(1).

The movant was sentenced on November 8, 2004. His convictions became final ten (10) days later, on November 18, 2004, when the time for filing a direct appeal had expired. *See* Rule 4(b)(1)(A), Fed. R. App. P.[2] Thus, the limitation period for the filing of this action expired one year from that date, on November 18, 2005. The instant § 2255 motion was not filed until June 9, 2010, more than four years after the limitation period had elapsed. This action, therefore, is untimely.

Had this action been filed in a timely manner, the movant would still not be entitled to the relief he seeks. As part of his plea agreement, the movant knowingly waived "the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255, except for claims of

---

[2] In 2009, the Federal Rules of Appellate Procedure were amended to extend the time in which to file a Notice of Appeal in a criminal action from ten (10) days to fourteen (14) days.

4

ineffective assistance of counsel or prosecutorial misconduct." Docket Entry No.101. The movant has made no claim of ineffective assistance or prosecutorial misconduct. As a consequence, the movant freely bargained away his right to challenge in this type of action how his sentences would be run.

The Court finds that this action is untimely. Moreover, the movant waived his right to challenge how his sentences would run in a § 2255 action. Therefore, the government's Motion to Dismiss has merit and shall be granted.

An appropriate order will be entered.

                                                                  _____
                                                                  Todd Campbell
                                                                  United States District Judge

5